Melissa CADENHEAD, Appellant,

v.

Katheryn J. HATCHER, Individually and as Independent Executrix of the Estate of John Howard Hatcher, Deceased, Appellee.

No. 2–99–117–CV.

Court of Appeals of Texas,
Fort Worth.

March 2, 2000.

Rehearing Overruled April 6, 2000.

S. Barcus Hunter, Hunter & Cameron, Fort Worth, for appellant.

Scott A. Whisler, Grau & Bassett, Dallas, for appellee.

PANEL B: DAY, LIVINGSTON, and RICHARDS, JJ.

## OPINION

SAM J. DAY, Justice.

This is a premises liability case. Appellee Melissa Cadenhead, a home health care nurse, sued Katheryn Hatcher, individually and as independent executrix of the estate of John Hatcher, deceased, for damages sustained after Cadenhead injured herself on Hatcher's property. The trial court granted summary judgment in favor of Hatcher. The primary issues on appeal are whether Hatcher established as a matter of law that (1) as lessor of the premises, she had no duty to her tenant's guest, and (2) she lacked actual and constructive notice of a dangerous condition on the leased premises. Because Hatcher did not establish either of these contentions as a matter of law, we reverse the trial court's judgment and remand this case for a trial on the merits.

## BACKGROUND

On August 28, 1996, Cadenhead fell and injured herself on a wheelchair ramp as she was leaving 3617 Crestline Road. The residence, which was part of a duplex owned by Hatcher, was leased to Olive Croxton, Cadenhead's patient. Both units of the duplex adjoined a common porch. The wheelchair ramp, built by Croxton's family, connected the porch to the driveway.

Cadenhead sued Hatcher and Croxton's family, alleging that the ramp was defective and created an unreasonably dangerous condition. Cadenhead claimed Crox-

ton's family was negligent in failing to construct the ramp properly, in failing to correct the defect, and in failing to warn Cadenhead of the dangerous condition. Cadenhead also claimed that Hatcher, as owner of the premises, knew or should have known that the dangerous condition existed, and was negligent in allowing the condition to persist without warning of its presence.

Hatcher filed a general denial and a motion for summary judgment. After Cadenhead responded, the trial court granted Hatcher's summary judgment motion without specifying the grounds. The trial court later granted Hatcher's motion to sever, thus rendering the summary judgment in Hatcher's favor final and appealable.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met her summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez*, 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A defendant is entitled to summary judgment if the summary judgment evidence establishes as a matter of law that at least one element of the plaintiff's cause of action cannot be established. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). On appeal, the movant still bears the burden of showing that she is entitled to judgment as a matter of law. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999).

■ A defendant's motion for summary judgment must expressly present the grounds upon which it is made, and must stand or fall on these grounds alone. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *see also* TEX.R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific

grounds therefor."). The purpose of this requirement is to provide the non-movant with adequate information to oppose the motion, and to define the issues for the purpose of summary judgment. *See Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex.1978), *overruled on other grounds by City of Houston*, 589 S.W.2d at 673; *Camden Mach. & Tool, Inc. v. Cascade Co.*, 870 S.W.2d 304, 309 (Tex.App.—Fort Worth 1993, no writ). In determining whether grounds are expressly presented, we look only to the motion itself and may not rely on the movant's brief or summary judgment evidence. *See Science Spectrum*, 941 S.W.2d at 912; *McConnell*, 858 S.W.2d at 341.

## PREMISES LIABILITY

■ Generally, a landlord has no duty to tenants or their invitees for dangerous conditions on the leased premises. *See Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996). This rule stems from the notion that a lessor relinquishes possession of the premises to the lessee. *See id.* However, there are several exceptions to this rule, such as where a lessor makes a negligent repair or where the injury arises from a defect on a portion of the premises that remains under the lessor's control. *See id.; Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 514–15 (Tex.1978). The duty owed by a landlord to its tenant is to use reasonable care to protect the tenant from injuries caused by an unsafe condition on the portion of the premises still under the lessor's control. *See Parker*, 565 S.W.2d at 514–15; *Allen v. Rogers*, 977 S.W.2d 733, 736 (Tex. App.—Fort Worth 1998, pet. denied). The landlord owes this same duty to those who are on the premises with the tenant's consent. *See Parker*, 565 S.W.2d at 514–15; *Allen*, 977 S.W.2d at 736. This duty requires the landowner to exercise reasonable care to protect the invitee or her guest from risks that the owner is actually aware of, and also those risks that the owner should be aware of after a reason-

able inspection. *See Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996).

If the landowner owes a duty of care to the plaintiff, the plaintiff must then prove that (1) the owner had actual or constructive knowledge of some condition on the premises that posed an unreasonable risk of harm, (2) the owner failed to exercise reasonable care to reduce or eliminate the risk, and (3) the owner's failure to use such care proximately caused the plaintiff's injuries. *See Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992). Thus, the existence of actual or constructive knowledge of a premises defect is a threshold requirement for such a claim. *See Motel 6, Inc.,* 929 S.W.2d at 3. Constructive knowledge of a dangerous condition is that which a landowner should have known or discovered after a reasonable inspection. *See Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 n. 1 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

Here, Hatcher moved for summary judgment on the grounds that (1) she did not construct or direct construction of the ramp, (2) she was not aware of any dangerous condition associated with the ramp, (3) the ramp was not the sole means of access to the porch and Croxton's residence,[1] and (4) she had not assumed responsibility for the condition of the wheelchair ramp. Cadenhead responded that even if Hatcher did not create the dangerous condition, the wheelchair ramp served a common area of the duplex. Consequently, Cadenhead argued, that area was under Hatcher's control, imposing on her a duty of ordinary care. Alternatively, Cadenhead argued that even if the summary judgment evidence did not establish as a matter of law that Hatcher was in control of the ramp, the evidence raised a question of fact on this issue that precluded summary judgment. On appeal, Cadenhead alleges summary judgment was improper because:

- the wheelchair ramp was in Hatcher's *control as a matter of law,* thus a genuine issue of material fact exists regarding whether through the exercise of reasonable care Hatcher could have discovered the dangerous condition on the ramp and made it safe;
- Hatcher did not establish as a matter of law that she did not have constructive knowledge of the dangerous condition; and
- even if Hatcher's control of the ramp was not established as a matter of law, the summary judgment evidence raised a genuine issue of material fact on this issue.

Hatcher, on the other hand, contends that we should affirm the trial court's order because she established as a matter of law that she had no actual or constructive knowledge of any condition on the leased premises that posed an unreasonable risk of harm. However, Hatcher's motion for summary judgment addressed only the issues of whether she created or assumed responsibility for the dangerous condition, and whether she had *actual* knowledge of the condition. Contrary to Hatcher's assertions in her brief and during oral argument, nowhere in her motion for summary judgment did she allege that she did not have *constructive* notice of the defect. As noted above, a defendant's motion for summary judgment can be affirmed only on grounds expressly raised in its motion for summary judgment. *See McConnell,* 858 S.W.2d at 341. Because this ground was not specifically stated in Hatcher's motion for summary judgment, the trial court's order cannot be affirmed based on lack of constructive knowledge. As a result, we must sustain Cadenhead's second issue.

---

1. Hatcher does not explain why the fact that Croxton's residence was also accessible by a sidewalk and steps entitled her to judgment as a matter of law. Perhaps she intended to allege that Cadenhead was contributorily negligent by not using the steps, but she did not make this argument and we decline to do so for her.

■ Nor was summary judgment proper on the ground that Hatcher did not create or assume responsibility for the wheelchair ramp. Even if Hatcher established those issues as a matter of law, as lessor of the property, she could still owe a duty of reasonable care to Cadenhead if Hatcher controlled the common area where the injury occurred. *See Endsley*, 926 S.W.2d at 285. Hatcher was not entitled to summary judgment on the basis that she had no control of this area of the leased premises because she did not raise that ground in her motion. *Cf. Science Spectrum*, 941 S.W.2d at 912 (reversing summary judgment in favor of appellee; although lessee's motion for summary judgment alleged it did not control the premises where injury occurred, it did not address allegation that lessee created the dangerous condition). Moreover, the summary judgment evidence raised a genuine issue of material fact regarding whether Hatcher controlled the ramp. Issues one and three are also sustained.

■ Because Hatcher's motion for summary judgment failed to raise grounds that entitled her to judgment as a matter of law,[2] we reverse and remand this cause for a trial on the merits.

---

2. Hatcher also claims the trial court's judgment should be affirmed because (1) Cadenhead's summary judgment evidence was defective, and (2) Cadenhead was required to present some evidence of Hatcher's constructive knowledge to avoid summary judgment. However, a plaintiff has no burden to respond to a summary judgment motion until the defendant-movant conclusively establishes its defense. *See Rhone–Poulenc*, 997 S.W.2d at 222–23. Because Hatcher failed to establish that she was entitled to judgment as a matter of law, the burden never shifted to Cadenhead to produce controverting evidence showing that a material fact issue still existed. Thus, even assuming Cadenhead's summary judgment evidence was improperly admitted and Hatcher preserved error on this issue, the outcome of this case remains unchanged.