**Margarito MARTINEZ, Appellant,**

v.

**CHERRY AVENUE MOBILE HOME PARK, Appellee.**

**No. 07–02–0341–CV.**

Court of Appeals of Texas, Amarillo.

May 20, 2003.

Van W. Northern, Northern Law Firm, Amarillo, for appellant.

Bill Cornett, Amarillo, for appellee.

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

## OPINION[1]

DON H. REAVIS, Justice.

By this appeal, Margarito Martinez challenges the judgment of the trial court awarding Cherry Avenue Mobile Home Park immediate possession of the premises at issue, money damages, court costs, and attorney's fees in the amount of $1,500.00. By his first issue, Martinez contends the trial court erred in granting judgment and in overruling his motion for new trial because he was not provided a meaningful opportunity to be heard, to present evidence on his behalf, to confront witnesses, or to argue his legal position in violation of his state and federal constitutional rights. By his second issue, Martinez alleges the trial court erred in denying his motion for new trial after he presented evidence of: (1) his lack of English comprehension; and (2) a meritorious defense. Such denial, Martinez maintains, constitutes fundamental error and denial of due process because Cherry Avenue failed to rebut his claims by competent evidence. Based upon the rationale expressed herein, we affirm.

In June of 2001, Martinez entered into a written lease with Cherry Avenue to rent a duplex for $375 per month. The original

---

1. Tex.R.App. P. 47.2(a).

term of the lease was for slightly less than six months, but provided for a month-to-month lease thereafter. On April 6, 2002, Cherry Avenue provided a written notice of its intent to evict Martinez on the basis of non-payment of rent. The eviction notice provided Martinez three days to vacate the premises. Five days later, Cherry Avenue filed an affidavit for forcible detainer in Precinct One Potter County Justice of the Peace Court. When Martinez failed to appear for the hearing on the forcible detainer, the court entered a default judgment in favor of Cherry Avenue for back rent and possession of the premises.

Martinez posted an appeal bond, and the case was placed upon the Potter County Court at Law Number One docket and set for trial on May 10, 2002. In a handwritten *pro se* general denial filed on May 7, 2001, Martinez requested the court to "be patient w/me as I am not a Texas resident and English is hard for me." He concluded the letter by stating, "[I] will bring my own translator." Cherry Avenue filed a supplemental petition seeking the award of attorney's fees and additional damages.

At a bench trial, the court heard evidence from Cherry Avenue, by and through its attorney, and Martinez, who appeared *pro se* along with his estranged wife, who acted as a translator. At the conclusion of the evidence, the trial court awarded Cherry Avenue immediate possession of the duplex, money damages, and attorney's fees. Martinez's attorney, hired after trial, filed a motion for new trial, which was overruled by operation of law. In response to Martinez's request, the trial court entered the following findings of fact:

1. Defendant was over one month in arrears in rent on the date of the hearing.
2. Plaintiff was entitled via lease contract to reasonable attorney fees, damages and court costs.
3. Reasonable attorney fees in this case were $1,500.00.
4. Rent was owed in the amount of $375.00 by Defendant at the time of hearing, plus late fees in the amount of $55.00 as well as an unpaid electric bill in the amount of $18.75.
5. Defendant owes Plaintiff additional accrued rent in the amount of $125.00.

■ Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). Findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards applicable in the review of the sufficiency of the evidence to support a jury finding. *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 529 (Tex.App.-Houston [1st Dist.] 1994, no writ). Because the findings of fact of the trial court are not challenged on appeal, however, we must accept them as conclusive. *See Looney v. Gibraltar Sav. Ass'n*, 695 S.W.2d 336, 340 (Tex.App.-Amarillo 1985, no writ).

■ By his first issue, Martinez contends the trial court erred in overruling his motion for new trial and in granting judgment because he was not provided a meaningful opportunity to be heard, to present evidence, to confront witnesses or to argue his position in violation of his state and federal constitutional rights.[2] We disagree.

**2.** To the extent appellant's argument under this issue is grounded upon his claimed inability to speak and understand the English language, that argument will be considered in our analysis of his second issue.

■ To preserve a complaint for review on appeal, the action or omission alleged as error by the trial court must have been the basis of a timely request, objection, or motion specifying the action the trial court was requested to take, or to forebear from taking, and an adverse ruling must have been obtained. *See* Tex.R.App. P. 33.1(a); *see also In re United Supermarkets, Inc.*, 36 S.W.3d 619, 622 (Tex.App.-Amarillo 2000, no pet.). This rule also applies to the preservation of a constitutional claim of denial of due process. *State Bar of Texas v. Leighton*, 956 S.W.2d 667, 671 (Tex.App.-San Antonio 1997), *pet. denied*, 964 S.W.2d 944 (Tex.1998). Because the record does not show Martinez's contention was timely presented to the trial court, the issue presents nothing for review.

Our review of the record reveals that during Cherry Avenue's presentation of evidence, Ms. Martinez was permitted to cross examine Cherry Avenue's only witness.[3] After sustaining Cherry Avenue's objection to one of her questions, the trial court remarked, "You should have hired a lawyer." The record also shows that after Cherry Avenue rested, Martinez's wife was sworn and testified as a witness. Among other things, she averred, "[w]e are living in a motel and it's costing us daily, $40.00 a day. We don't have a problem with the eviction. We're happy. We're going. We want a week to finish taking the rest of the stuff out."

■ In his brief, Martinez directs us to no reference in the record demonstrating his contention that he was not provided an opportunity to be heard. Indeed, our review of the record demonstrates the contrary. After the court asked Ms. Martinez if she wanted to call any witnesses, she announced she desired to testify, but made no mention of calling Martinez. Martinez had the right to appear and defend the action "either in person or by an attorney of the Court." Tex.R. Civ. P. 7. Having waived the right to appear by an attorney, however, he is held to the same standards as a licensed attorney. *See Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.-Amarillo 1998, pet. denied).

■ By asserting his opportunity to be heard should have been tailored to his capacity and circumstances, and referring to the trial as a "sham," Martinez implies the trial court erred in failing to appoint an interpreter *sua sponte*. Public policy, however, demands a judge try a case with absolute impartiality, and not act as an advocate for any party. *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). We conclude, therefore, the trial court did not abuse its discretion in denying Martinez's motion for new trial. *See Kirk v. Farmers Aerial Spraying Service, Inc.*, 496 S.W.2d 739, 743 (Tex.Civ.App.-Amarillo 1973, no writ). Martinez's first issue is overruled.

■ By his second his issue, Martinez asserts the trial court erred in denying his motion for new trial because he adequately demonstrated a lack of English skills along with a meritorious defense. Such denial, he maintains, constitutes fundamental error and a denial of due process. We disagree.

Conceding this issue presents a question of first impression in a civil case, Martinez cites Rule 183 of the Rules of Civil Procedure for the proposition that the trial court should have appointed an interpreter for him. However, Martinez does not cite us to any reference in the record where a motion for the appointment of an interpreter was presented to the trial court, or where any complaint about the trial court's

---

3. Our review of the record reveals Ms. Martinez is bilingual.

failure to appoint an interpreter was preserved for our review. *See* Tex.R.App. P. 33.1(a); *see also In re United Supermarkets, Inc.,* 36 S.W.3d at 622. Furthermore, his status as a *prose* litigant does not excuse his failure to preserve the complaint for consideration on appeal. *See Holt,* 990 S.W.2d at 759.

Finally, in his *pro se* written answer to the court, Martinez stated he would provide his own interpreter. The reporter's record demonstrates his bilingual wife examined the witness and testified as a witness.[4] Accordingly, we conclude the trial court did not abuse its discretion in denying the motion for new trial. *See Kirk,* 496 S.W.2d at 743. Martinez's second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

---

4. Cherry Avenue did not request that a neutral interpreter be appointed.