Affirmed and Memorandum Opinion filed February 19, 2009








Affirmed and Memorandum Opinion filed February 19, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00524-CV

____________

 

CARLOS SALMERON, Appellant

 

V.

 

T-MOBILE WEST CORPORATION, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 890660

 



 

M E M O R A N D U M   O P I N I O N

Appellant Carlos Salmeron challenges a county court at law=s order dismissing
his appeal of a justice of the peace court judgment in favor of appellee,
T-Mobile West Corporation (AT-Mobile@).  In his sole
issue, appellant contends that we should excuse his failure to timely file an
appeal bond because the county court failed to appoint an interpreter for him. 
We affirm.








Salmeron filed suit against T-Mobile in justice court
seeking to recover damages for breach of contract.  After a bench trial, the
justice court signed its April 2, 2007 judgment, which ordered that appellant
take nothing and awarded appellee $1,731, plus court costs and interest.  On
April 16, 2007, appellant filed an appeal bond in the county court, seeking to
appeal that judgment.  On April 25, 2007, appellee moved to dismiss the appeal
because appellant failed to file his appeal bond within ten days from the date
that the justice court judgment was signed, as required by Texas Rule of Civil
Procedure 571.  The county court granted the motion and dismissed the appeal
for lack of jurisdiction.

On appeal, Salmeron admits that his appeal bond was not
timely filed.  He argues instead that the county court=s failure to
appoint him an interpreter violated Texas Rule of Civil Procedure 183, which
states that a court may appoint an interpreter of its own selection.  Salmeron
does not contend that he ever requested an interpreter, and seems to argue on
appeal that the county court had a duty to appoint one.  He claims that the
county court=s failure to appoint an interpreter not only violated
Rule 183, but deprived the county court of jurisdiction to dismiss the appeal. 
We disagree for two reasons.








First, Salmeron waived this argument by failing to make it
to the county court.  Although Salmeron characterizes his argument on appeal as
a jurisdictional one (which could not be waived), he provides no authority to
support this argument.  On the contrary, Rule 183 is permissive, merely
providing that A[t]he court may appoint an
interpreter of its own selection . . . .@  Appellant=s complaint that
the county court erred by failing to provide an interpreter under Rule 183 is
properly addressed as a due process challenge, rather than a jurisdictional
one.  Salmeron v. T-Mobile West Corp., No. 01-07-00532-CV, 2008 WL
1828616, at *1 n.3 (Tex. App.CHouston [1st Dist.] Apr. 24, 2008, no
pet.) (mem. op., not designated for publication) (characterizing identical
argument to one presented here as a due process challenge); see also
Martinez v. Cherry Ave. Mobile Home Park, 134 S.W.3d 246, 249B50 (Tex. App.CAmarillo 2003, no
pet.) (addressing failure to provide interpreter under Rule 183 as a due
process challenge).  As such, to preserve this complaint for review, appellant
was required to make a timely request, objection, or motion specifying the
action the county court was requested to take, and obtain an adverse ruling, or
the issue is waived.  See Tex. R.
App. P. 33.1(a); Martinez, 134 S.W.3d at 249B50.  We note that
appellant=s pro se status does not relieve him from the
preservation‑of‑error requirements applicable to a licensed
attorney.  See Nabelek v. Bradford, 228 S.W.3d 715, 717 (Tex. App.CHouston [14th
Dist.] 2006, pet. denied).  Appellant points us to no evidence showing that he
preserved his complaint regarding the county court=s failure to
appoint an interpreter through a timely request, objection, or motion.

Second, the county court had no duty to sua sponte appoint
an interpreter in this case.  See Martinez, 134 S.W.3d at 249.  Salmeron
never requested an interpreter, see id., and there is no evidence in the
record suggesting appellant needed one.  To the contrary, appellant=s sworn complaint
in the justice court was handwritten in legible English.  Also, appellant
submitted a pro se brief to this court in legible English and
demonstrated his ability to understand and comply with the rules of appellate
procedure.

In conclusion, we hold that appellant has waived his
contention that the county court erred by failing to provide him with an
interpreter.  See Tex. R. App. P.
33.1(a).  Further, because appellant=s appeal bond was
untimely filed, we hold that the county court did not err in dismissing his
appeal for lack of jurisdiction.  We overrule Salmeron=s sole issue and
affirm the county court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.