# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00297-CV

**Adelaida Almazon, Appellant**

**v.**

**Amli Residential Properties Limited Partnership d/b/a Amli at Lantana Ridge, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-07-001707, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On December 7, 2005, appellant Adelaida Almazon, a tenant at Amli at Lantana Ridge, slipped and fell on ice that had accumulated in a common area of the apartment complex as a result of frozen precipitation. Almazon sued Amli Residential Properties for negligence, asserting a theory of premises liability, and the district court granted summary judgment in favor of Amli. We affirm the district court's judgment.

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Where, as here, a defendant moves for summary judgment under the traditional standard, he must meet the initial burden of either conclusively negating at least one essential element of each of the plaintiff's

causes of action or conclusively establishing each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). If the defendant meets this initial burden, he is entitled to summary judgment unless the non-movant plaintiff presents summary-judgment evidence raising a genuine issue of material fact as to one of the elements at issue. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve all doubts in her favor. *Id.*; *Nixon*, 690 S.W.2d at 549.

In a single issue, Almazon argues that the trial court erred in granting summary judgment because Amli had a duty to protect her from "the natural accumulation of frozen precipitation" in the parking lot of her apartment. To prevail on her negligence cause of action, Almazon must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *Doe v. Boys Clubs*, 907 S.W.2d 472, 477 (Tex. 1995). Duty, the threshold inquiry in any negligence case, is a question of law. *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987). Here, because the alleged negligence rests on a theory of premises liability, the duty owed to the plaintiff depends on the status of the plaintiff at the time of the incident. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004).

With respect to the common area at issue here, there is no dispute that the relationship between the parties is one of owner-invitee. *See, e.g.*, *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 297 (Tex. 2004) (landlords have duty of care as to common areas where they retain possession). As owner, Amli owed a duty to Almazon, the invitee, to protect her from conditions in the common area

2

that were known or discoverable and that posed an unreasonable risk of harm. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). Here, the dispute lies in whether or not the condition—the natural accumulation of ice in the common area—posed an unreasonable risk of harm to Almazon as a matter of law. *See id.*; *Rape*, 139 S.W.3d at 675.

Texas courts, including this Court, have consistently held that, as a matter of law, naturally occurring conditions do not create an unreasonable risk of harm for purposes of premises liability. *See Rape*, 139 S.W.3d at 676 ("Ordinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, is not a condition posing an unreasonable risk of harm."); *Gagne v. Sears, Roebuck & Co.*, 201 S.W.3d 856, 858 (Tex. App.—Waco 2006, no pet.) ("the natural accumulation of ice on a sidewalk near the entrance of a business does not pose an unreasonable risk of harm to invitees"); *Eubanks v. Pappas Rests., Inc.*, 212 S.W.3d 838, 840-41 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (slime or mud accumulating naturally is not unreasonably dangerous condition); *Wal-Mart Stores, Inc. v. Surratt*, 102 S.W.3d 437, 445 (Tex. App.—Eastland 2003, pet. denied) (premises owner "does not have a duty to protect its invitees from conditions caused by a natural accumulation of frozen precipitation on its parking lot because such an accumulation does not constitute an unreasonably dangerous condition"); *see also Haney v. Jerry's GM, Ltd.*, No. 08-07-00183-CV, 2009 Tex. App. LEXIS 1056, at *7 (Tex. App.—El Paso Feb. 12, 2009, no pet.) ("naturally forming ice is not an unreasonably dangerous condition that would impose liability on a premises owner/operator"); *Smith v. Shofner Auto Repair, Inc.*, No. 02-08-00285-CV, 2009 Tex. App. LEXIS 2658, at *5 (Tex. App.—Fort Worth Apr. 9, 2009, no pet.) (mem. op.) ("naturally-occurring ice in a parking lot

3

does not constitute an unreasonably dangerous condition under the law"); *Fair v. Scott & White Mem'l Hosp.*, No. 03-06-00211-CV, 2008 Tex. App. LEXIS 4277, at *4-12 (Tex. App.—Austin June 13, 2008, pet. granted) (mem. op.) (ice accumulation in its natural condition, without more, is not unreasonably dangerous condition); *Griffin v. 1438, Ltd.*, No. 02-03-00255-CV, 2004 Tex. App. LEXIS 6403, at *10 (Tex. App.—Fort Worth July 15, 2004, no pet.) (mem. op.) (natural accumulation of frozen precipitation on parking lot is not unreasonably dangerous condition). Almazon has cited no contrary authority, and our search reveals none.

Almazon relies chiefly on *Houston v. Northwest Village, Ltd.*, 113 S.W.3d 443 (Tex. App.—Amarillo 2003, no pet.). In *Houston*, the plaintiff slipped and fell on an icy sidewalk when delivering newspapers to tenants of an apartment complex. *Id.* at 444. The district court granted summary judgment based on the premise that the plaintiff was a licensee and that, in light of such status, the landlord had no liability as a matter of law. *Id.* The court of appeals reversed, holding that the plaintiff was an invitee rather than a licensee. *Id.* at 445-47. Having made this determination, the court of appeals explained that neither the plaintiff's actual knowledge of the dangerous conditions nor the apartment owner's lack of actual knowledge of the condition necessarily prohibited the plaintiff from recovering on a theory of premises liability. *Id.* at 447. However, the court neither addressed nor determined whether the ice constituted a dangerous condition under a theory of premises liability.

Almazon also cites *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978) and *Cadenhead v. Hatcher*, 13 S.W.3d 861 (Tex. App.—Fort Worth 2002, no pet.). Like *Houston*, both cases are inapplicable here. In *Parker*, the plaintiff was injured when she descended a dark stairway, and the basis of the premises liability claims was the absence of proper lighting. 565 S.W.2d at 513-

4

14. The issue was not whether the dark stairway was an unreasonably dangerous condition, as Almazon concedes. Rather the court was asked to determine whether a duty was owed by the landlord to the apartment guest and whether the plaintiff was contributorily negligent in choosing to descend the stairs or in descending the stairs in the manner she did. *Id.* at 513-21. In *Cadenhead*, the plaintiff fell and injured herself on a wheelchair ramp. 13 S.W.3d at 862. The dangerous condition alleged was the wheelchair ramp, a man-made structure, not a naturally occurring condition. *Cadenhead*, along with *Houston* and *Parker*, offer no support for Almazon's position.

Despite the well-settled authority that a naturally occurring condition is not an unreasonably dangerous condition for purposes of premises liability, Almazon argues that her case is distinguishable because of the circumstances leading to her fall—she "was a desperate tenant trying to return to her home on a treacherous night when she could safely go nowhere else." While the conditions that night were unfortunate, the law remains that the condition about which Almazon complains—the natural accumulation of ice—is not unreasonably dangerous for purposes of premises liability. To hold otherwise would be to subvert the well-established principle that the duty a premises owner owes to its invitees is not that of an insurer. *See Rape*, 139 S.W.3d at 676; *Daenen*, 15 S.W.3d at 101. Accordingly, we overrule Almazon's point of error and affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: December 3, 2009