**REVERSE and REMAND; and Opinion Filed July 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-00310-CV

_____

### ROBERT TREJO, Appellant
### V.
### SAMANTHA HUY, Appellee

_____

### On Appeal from the 101st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-12-05068

_____

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

Samantha Huy sued her landlord Robert Trejo for premises liability as a result of injuries she allegedly sustained when she tripped on broken pavement in the parking lot of her apartment complex. Trejo represented himself at a trial before the court. The court found in favor of Huy and awarded damages. In this appeal, Trejo contends the court erred in removing the case from the jury docket when his waiver of his right to a jury trial occurred before he was provided with an interpreter. He also contends the court erred in cutting off his cross-examination of Huy after the third question and challenges the legal and factual sufficiency of the evidence to support the court's findings of fact. Because the trial court determined an interpreter was necessary for Trejo, but allowed Trejo to waive a jury trial before he was provided an interpreter, we conclude the court erred. We reverse the trial court's judgment and remand this cause to the trial court for a new trial on liability and damages.

BACKGROUND

On May 7, 2012, Huy filed this lawsuit, alleging a premises liability claim due to the dangerous condition created by cracked pavement and little to no lighting in her apartment parking lot. She requested a jury trial and paid the jury fee. On October 30, 2013, the court called the case for a jury trial. Trejo appeared pro se. The judge noted that Trejo's second attorney had been granted leave to withdraw two months earlier and asked him about his efforts to retain another attorney. Trejo answered that he could not afford a lawyer. The week before, he had filed a motion for a continuance, which Huy opposed. The court stated that the motion was not in proper form and denied it. The court reporter noted in the record, "Mr. Trejo spoke in broken English and was difficult to understand." The judge asked him if he needed an interpreter. Trejo responded, "Well, Your Honor, I never before - - sometimes because my accent, I don't know if I need an interpreter, because the people - - I never had problem with communicating with people, with [Huy's attorney]. I went to his office one time and, okay, I don't have a problem communicating with him. But some people, they may have trouble with the pronunciation, but - -" The judge interrupted to instruct the bailiff to ask the court coordinator to "call over to Crowley to whoever it is that assigns translators over there to see if they can get us a Spanish interpreter today."

The judge then mentioned the jury demand and the difficulty of conducting a jury trial with an unrepresented party. The judge told Trejo that if there was no jury he could allow a certain amount of latitude in terms of questions asked or evidence offered, but would not be able to do that in a jury trial. The judge then asked the parties if they would consider waiving a jury and trying the case to the court. The judge stated, "And I'm concerned that with Mr. Trejo being unrepresented and further potential difficulties with his language issue, it is going to be very difficult to try this to a jury." The judge told Trejo that both sides would have to agree to waive

a jury trial and asked if he was prepared to do so. Trejo responded, "Well, I mean, I don't have any problem with that." After further discussion with Huy's counsel on the subject, the judge asked Trejo about the jury waiver again. "Mr. Trejo, I want to be sure I understood you clearly. You are agreeable to waiving a trial by jury. Yes or no?" Trejo replied, "Yes, Your Honor." After a recess to allow Huy's counsel to confer with Huy, counsel announced Huy still wanted a jury trial.

The court went over some of the basic rules of a jury trial with Trejo, and a jury panel was pulled. During a recess before jury selection began, the trial court learned that a translator could not be provided on less than a week's notice. The judge then stated, "I am simply unable to envision completing this trial without Mr. Trejo having the services of an interpreter. I can't understand him. I doubt that the jury would be able to understand him, and I don't think the interest of justice would be served by a trial under those circumstances." The court continued the trial for one week. The reporter's record reflects that the bailiff interpreted the court's final comments for Trejo.

One week later, the court called the case for a jury trial. Trejo had the benefit of an interpreter. The trial court again asked Huy's counsel if his client would consider waiving a jury. After a recess, Huy decided to waive a jury trial. The judge stated, "Mr. Trejo waived trial by jury on the record in open court last week. Accordingly, we will proceed to try this case without a jury."

The trial lasted one day. Huy testified that she fractured her foot after she fell due to a crack in the concrete she could not see because it was dark. Trejo attempted to show that Huy's injury was due to her jumping off a U-Haul truck when she moved in to the apartment. The court ruled in Huy's favor and awarded her over $70,000 in damages. This appeal followed.

## JURY WAIVER

In his first issue, Trejo contends the trial court improperly removed the case from the jury docket when his waiver of a jury occurred before he had a translator. We agree.

The United States and Texas Constitutions guarantee the right to trial by jury. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 132 (Tex. 2004) (orig. proceeding) (waiver of jury trial must be knowing and voluntary). Under rule of civil procedure 220, an opposing party may rely on another party's jury demand, when a demand is made and the fee is paid. TEX. R. CIV. P. 220; *see Rhyne*, 925 S.W.2d at 666. When any party has paid the fee for a jury trial, a trial court may not remove the case from the jury docket over the objections of the opposing party. *Theatre Council Prods., Ltd. v. City of Harlingen*, No. 13-12-00167-CV, 2013 WL 4506580, at *2 (Tex. App.—Corpus Christi Aug. 22, 2013, no pet.) (mem. op.).

Here, when the case was called for trial, the trial judge determined that Trejo, who was pro se, needed an interpreter. After making that determination, the judge sua sponte suggested the parties waive a jury trial. Before an interpreter was provided, the judge asked Trejo if he was willing to waive a jury trial, and Trejo apparently agreed to do so. At that time, Huy still wanted a jury trial. When the proceedings resumed a week later with the interpreter the judge deemed necessary, the judge again asked Huy to consider waiving a jury. That time, Huy agreed. But the trial judge did not reexamine the issue of Trejo's jury waiver with the interpreter's assistance. He merely stated that Trejo had waived trial by jury on the record in open court a week earlier and proceeded with a bench trial.

The trial court had no duty to sua sponte appoint an interpreter in this case. *See Martinez v. Cherry Ave. Mobile Home Park*, 134 S.W.3d 246, 249 (Tex. App.—Amarillo 2003, no pet.). Whether or not to appoint an interpreter is discretionary. *See* TEX. R. CIV. P. 183; *Cheng v.*

–4–

*Wang*, 315 S.W.3d 668, 671–72 (Tex. App.—Dallas 2010, no pet.). Once the trial court did appoint an interpreter, however, Trejo should have had an interpreter for all purposes. We conclude that under these circumstances, the court had a duty to determine, with Trejo's use of an interpreter, whether Trejo had any objections to withdrawing the case from the jury docket and proceeding with a trial before the court.

Huy contends that Trejo waived this issue by failing to object to the trial court's action in proceeding with a bench trial. Normally, we do not review alleged errors that the appellant did not raise in the trial court. *See* TEX. R. APP. P. 33.1. But fundamental error exists in those rare instances when the record shows the court lacks jurisdiction or the public interest, as declared in our state statutes or constitution, is directly and adversely affected. *See Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982) (per curiam); *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam). A litigant's constitutional right to a jury trial is a matter of public interest, and the court's actions directly and adversely affected that interest. Because the record reflects that Trejo's abilities to understand and communicate effectively at the proceeding at which the trial judge asked him if he waived a jury trial were clearly called into question, this is one of those rare instances of fundamental error. We conclude the court abused its discretion in failing to ensure Trejo knowingly waived his constitutional right to a jury trial. We sustain Trejo's first issue.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In light of our resolution of Trejo's first issue, we need not consider his second issue, in which he complains of the fact that the trial court cut off his cross-examination of Huy after only three questions. Trejo raises three other issues in which he challenges the legal and factual sufficiency of the evidence to prove Huy's premises liability claim. Because Trejo would be

–5–

entitled to rendition of a take-nothing judgment in his favor instead of a remand if the evidence is legally insufficient, we address his no-evidence arguments.

Trejo contends there was no evidence of an unreasonable risk of harm where Huy fell, no evidence he had actual or constructive knowledge that the light or its timer were not working, and no evidence his negligence was a cause-in-fact of the injuries. To establish a premises liability claim, a plaintiff who is an invitee must prove: (1) the owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the plaintiff's injury. *State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). Constructive knowledge of a dangerous condition is that which a landowner should have known or discovered after a reasonable inspection. *Cadenhead v. Hatcher*, 13 S.W.3d 861, 864 (Tex. App.—Fort Worth 2000, no pet.). Proximate cause has two elements: foreseeability and cause-in-fact. *LMB, Ltd v. Moreno*, 201 S.W.3d 686, 687 (Tex. 2006). The test for cause-in-fact is whether the act or omission was a substantial factor in causing the injury and without the act or omission the harm would not have occurred. *Id.*

The court made findings of fact and conclusions of law. In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Principal Life Ins. Co. v. Revalen Dev., LLC*, 358 S.W.3d 451, 454 (Tex. App.—Dallas 2012, pet. denied). A legal sufficiency challenge to the findings of fact fails if there is more than a scintilla of evidence to support the finding. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992).

Huy testified that in September 2010 she moved into an apartment she leased from Trejo in a small apartment complex. There was a small parking lot in the back of the complex outside her apartment door. Huy stated that once she opened her apartment door, she could only get one

foot out before having to step off a step onto the pavement. At about 8:00 p.m. on October 6, 2010, she left her apartment. When she stepped onto the pavement, she hit a crack in the concrete and went down immediately. Huy identified Exhibit 5A as a picture of the pavement outside her apartment door taken about a month before her fall. The exhibit shows numerous cracks in the pavement, including cracks leading up to her door. Huy identified Exhibits 5D, 5F, and 5G as close-up pictures of the cracks, with quarters placed in them for reference. When she tripped and fell, it was dark outside. There were no lights on at the time, and she was not able to see the cracks. She identified a light fixture on her porch in one of the pictures and testified it was on a timer and was not on the night she fell. Huy went to the emergency room later that night and was diagnosed with a fractured foot. She could not put any weight on the foot and required surgery to repair the injury.

Huy called Trejo as a witness. He testified he has owned the apartment property since 1998. He also managed the property, which includes day-to-day operations, leasing, responding to tenant requests or complaints, and maintenance. He testified he visited the property almost every day and kept his eyes open for items needing repair.

Trejo contends there is no evidence of an unreasonable risk of harm where Huy fell. She testified she fell right outside her apartment door, and Trejo maintains the broken pavement was many feet from her door. The pictures showing cracks outside the door to Huy's apartment are more than a scintilla of evidence that she fell due to a crack right outside her apartment. Trejo also contends there is no evidence he had actual or constructive knowledge the lights and/or timer were malfunctioning. We note Huy did not present evidence the lights or timer were broken, just that the lights were not on at the time she fell. Huy's evidence that the cracks in the pavement were there at least one month before she fell, as well as evidence that Trejo was at the

–7–

apartment regularly and looked for needed repairs, is more than a scintilla of evidence that Trejo had actual or constructive knowledge of the dangerous condition on the premises.

Trejo also contends his failure to eliminate the risk of harm was not the cause-in-fact of Huy's injuries. He points to evidence in Huy's medical records and from a neighbor that she injured her foot a month before her fall when jumping off the back of a U-Haul truck. He also notes the October 2010 medical records from Huy's visit to the emergency room indicate she mentioned rolling her ankle when moving and possibly again while going "up the stairs the wrong way." Huy testified that she did not see a doctor after the U-Haul incident and that she could still walk after that incident. When she fell at her apartment complex, she was not having any problems with her ankle from the U-Haul incident and mentioned it to the doctors at the emergency room just in case. We conclude there is more than a scintilla of evidence that Trejo's failure to repair the pavement was the cause-in-fact of Huy's injury. We overrule Trejo's third, fourth, and fifth issues to the extent they challenge the legal sufficiency of the evidence.

We reverse the trial court's judgment and remand the cause to the trial court for a new trial on liability and damages.

/Ada Brown/
ADA BROWN
JUSTICE

140310F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT TREJO, Appellant

No. 05-14-00310-CV      V.

SAMANTHA HUY, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-05068.
Opinion delivered by Justice Brown. Justices
Bridges and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for a new trial on liability and
damages.

It is **ORDERED** that each party bear his or her own costs of this appeal.

Judgment entered this 8th day of July, 2015.