**Affirmed and Opinion Filed April 8, 2022.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-20-00637-CV

## ROBERT M. MOORE AND REBECCA MOORE, Appellants
## V.
## THE BRIDGES ON TRAVIS, Appellee

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2020-2-072CV**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellants Robert M. Moore and Rebecca Moore appeal the trial court's final judgment for appellee The Bridges on Travis. Appellee brought a forcible detainer action against appellants after they failed to pay rent under their lease and refused to vacate the property. In two issues, appellants contend the trial court violated Mr. Moore's due process rights by failing to appoint an interpreter for the deaf and erred in admitting testimony from appellee's witness. We affirm the trial court's judgment.

## BACKGROUND

Appellants leased an apartment from appellee in April 2019. In October of 2019, appellants renewed their lease. Their new lease term began on December 1,

2019. Appellants stopped paying rent in January 2020. Appellee hand-delivered a notice to vacate to appellees on January 9, 2020. The notice indicated that appellees owed $990.26 in unpaid rent, utilities, and late fees. When appellants did not vacate the property, appellee filed a forcible detainer action in justice court, which entered judgment for appellee.

Appellants appealed to the county court. The county court held a trial and received testimony from appellee's property manager and attorney, and from appellants. Throughout the trial, Mr. Moore voiced his inability to hear various statements by the court and witnesses. The county court issued a final judgment awarding appellee unpaid rent and attorney's fees, and a writ of possession. This appeal followed.

## ANALYSIS

In two issues, appellees contend the trial court violated Mr. Moore's due process rights by failing to appoint an interpreter for the deaf and erred in permitting appellee's property manager to testify. We review each of these issues for an abuse of discretion. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011) ("We review a trial court's decision to admit evidence for an abuse of discretion."); *Shren-Yee Cheng v. Wang*, 315 S.W.3d 668, 671–72 (Tex. App.—Dallas 2010, no pet.) (a court may, but is not required, to appoint an interpreter); TEX. R. CIV. P. 183 (a trial court "may appoint an interpreter"). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles

–2–

of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied).

## A.    Interpreter

Before we can address Mr. Moore's due process challenge, we must first determine whether it has been preserved for review. To preserve a complaint for review, the record must show that Mr. Moore made the request or complaint to the county court in a timely manner, and that the county court either ruled on the request or refused to do so. *See* TEX. R. APP. P. 33.1(a). Even constitutional complaints, including allegations of due process violations, must be raised below or they are not preserved for appellate review. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003). Appellants' pro se status does not relieve them from the preservation-of-error requirement. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ("[P]ro se litigants are not exempt from the rules of procedure."); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.").

Appellants do not direct us to any record reference reflecting their request for the county court to provide an interpreter, motion for an interpreter, objection to the proceedings because Mr. Moore was unable to hear and required an interpreter for the deaf, or objection to the court's failure to provide an interpreter. In other words,

appellants do not direct us to any evidence where they preserved error regarding the county court's failure to appoint an interpreter. *See Martinez v. Cherry Ave. Mobile Home Park*, 134 S.W.3d 246, 249 (Tex. App.—Amarillo 2003, no pet.) (appellant failed to preserve error by not citing "any reference in the record where a motion for the appointment of an interpreter was presented to the trial court, or where any complaint about the trial court's failure to appoint an interpreter was preserved for our review"); *Salmeron v. T-Mobile W. Corp.*, No. 14-07-00524-CV, 2009 WL 396212, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.) (appellant failed to preserve error regarding county court's failure to appoint interpreter by not making timely request, objection, or motion). Accordingly, appellants have failed to preserve error regarding their first issue.

Even if appellants had preserved error, we would not find the county court abused its discretion. Appellants cite sections 21.002 and 21.004 of the civil practice and remedies code for the proposition that the court had a duty to appoint an interpreter *sua sponte*. Section 21.002 establishes a deaf party or witness's entitlement to an interpreter, and section 21.004 prohibits a court from starting proceedings until an interpreter is present "[i]f a court is required to appoint an interpreter." Tex. Civ. Prac. & Rem. Code §§ 21.002(a), 21.004. Mere entitlement to an interpreter, however, does not impose a duty on the trial court to appoint an interpreter *sua sponte*. Indeed, the rules and statutes regarding the appointment of interpreters are permissive when no motion is filed. *See, e.g.,* Tex. R. Civ. P. 183

("The court *may* appoint an interpreter of its own selection . . . .") (emphasis added); TEX. GOV'T CODE §§ 57.002(a) ("A court shall appoint a certified court interpreter . . . for an individual who has a hearing impairment . . . if a motion for the appointment of an interpreter or provider is filed by a party . . . ."), 57.002(b) ("A court *may*, on its own motion, appoint a certified court interpreter . . . for an individual who has a hearing impairment . . . .") (emphasis added); *see also Shren-Yee Cheng*, 315 S.W.3d at 671–72 (rejecting argument that trial court had duty to appoint interpreter *sua sponte*). As previously noted, the record does not reflect that appellants requested an interpreter.

Additionally, the record reflects that Mr. Moore was able to participate in the trial without an interpreter. Specifically, the record reflects that Mrs. Moore heard and participated in the proceedings. She also apprised Mr. Moore of what was being said in court. Additionally, the record reflects that Mr. Moore's hearing was not so deficient that he could not conduct a witness examination. Indeed, he cross-examined the property manager without any aids or interpreters. The record also reflects that the county court made reasonable efforts to ensure Mr. Moore heard the proceedings by repeating statements and asking certain individuals to speak up. Thus, any error in not appointing an interpreter was harmless. *See Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194 (Tex. App.—Dallas 2007, no pet.) (subjecting due process complaint to harmless error analysis). Accordingly, we overrule appellants' first issue.

**B. Property Manager's Testimony**

In their second issue, appellants contend the trial court erred in admitting the testimony of appellee's property manager. According to appellants, the testimony should have been excluded because it was misleading. Appellants, again, do not direct us to any portion of the record reflecting an objection to the property manager's testimony. Thus, they have failed to preserve error for our review. *See Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) ("Error is waived if the complaining party allows the evidence to be introduced without objection."); TEX. R. APP. P. 33.1(a).

Regardless, the record does not reflect any error in admitting the testimony. As the trier of fact in this case, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). The trial court may believe all, part, or none of a witness's testimony and resolve any inconsistencies. *Id*. at 819–20. We will not substitute our judgment for that of the trier-of-fact, so long as the evidence falls within the zone of reasonable disagreement. *Id*. at 822.

The property manager testified that appellants did not pay rent for March, April, and May of 2020. Appellants contend this was misleading because they paid rent into the court's registry. The record also reflects, however, that the county court asked appellee's counsel to verify whether any money had been paid into the registry. Counsel confirmed that appellants had paid $3,400 into the registry, and the

county court accounted for this amount when rendering its judgment. The trial court was within its discretion to receive and weigh the property manager's testimony. *See Wilson*, 168 S.W.3d at 819–20. The record reflects that the trial court did just that, determined that appellants had paid rent into the registry, and properly accounted for those payments when rendering judgment. Accordingly, we overrule appellants' second issue.

## CONCLUSION

Appellants failed to preserve error on both of their issues. Regardless, the record does not reflect any abuse of discretion by not appointing an interpreter for Mr. Moore and admitting testimony from appellee's property manager. Accordingly, we overrule both of appellants' issues and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200637F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT M. MOORE AND
REBECCA MOORE, Appellants

No. 05-20-00637-CV      V.

THE BRIDGES ON TRAVIS,
Appellee

On Appeal from the County Court at
Law No. 2, Grayson County, Texas
Trial Court Cause No. 2020-2-
072CV.
Opinion delivered by Justice Partida-
Kipness. Justices Schenck and
Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE BRIDGES ON TRAVIS recover its costs of this appeal from appellant ROBERT M. MOORE AND REBECCA MOORE.

Judgment entered this 8th day of April 2022.