Elwin Louis **BULLARD**, **II**, Appellant,

v.

Taylor A. **LYNDE**, Appellee.

No. 05–07–00890–CV.

Court of Appeals of Texas, Dallas.

Jan. 22, 2009.

Rehearing Overruled Sept. 24, 2009.

Jacquelyn Chandler, Roger D. Higgins, Thompson, Coe, Cousins & Irons, L.L.P., Shane Lewis, Dallas, TX, for Appellant.

Stephen W. Shoultz, Law Office of Stephen W. Shoultz, Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and MURPHY.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a judgment notwithstanding the verdict, Elwin Louis Bullard, II contends the trial court erred in awarding Taylor A. Lynde the full amount of medical expenses she sought at trial. Bullard argues Lynde failed to establish that all of her damages were caused by the accident at issue and the trial court should have rendered judgment on the medical expenses consistent with the jury's verdict. We agree. We reverse the trial court's judgment on damages for past medical care and remand the cause to the trial court to render judgment consistent with the jury's verdict.

### I.

In July 2003, Taylor Lynde was involved in an automobile accident with Elwin Bullard. Lynde was taken to the hospital, and it was determined that she had a fractured elbow. The next day, Lynde was examined by her family physician, who referred her to an orthopedic surgeon, Dr. Craig Goodhart. After x-raying her arm, Dr. Goodhart agreed that Lynde's elbow was fractured. He advised Lynde to keep her arm in a sling for six weeks and do "self-directed stretches."

Five days after being examined by Dr. Goodhart, Lynde left for college. After six weeks, Lynde removed her arm from the sling and began using light weights as directed by a student trainer. Lynde

stopped using the weights because her elbow hurt when she used them. Lynde also attempted to play sports such as basketball, tennis, and lacrosse. Lynde stated, however, that she stopped because her elbow hurt. Lynde discussed the pain with her mother, a nurse practitioner, but did not seek any additional medical treatment for her elbow while at college.

Approximately one year after the accident, Lynde returned to see Dr. Goodhart. Dr. Goodhart ordered an MRI and, based on the results, recommended that Lynde have arthroscopic surgery. The surgery was performed on August 9, 2004. Lynde did not receive any further treatment from Dr. Goodhart until after she filed this suit in May 2005.

In her petition, Lynde asserted claims against Bullard for negligence and sought recovery for pain and suffering, mental anguish, physical impairment, lost wages, and loss of earning capacity. Additionally, she sought past medical expenses in the amount of $11,660.50. Bullard responded with a general denial and raised the defenses of contributory negligence and failure to mitigate damages. Lynde moved for summary judgment on Bullard's affirmative defenses and the reasonableness and necessity of her medical expenses. The trial court granted summary judgment on the issues of the reasonableness and necessity of her expenses but denied the motion as to Bullard's affirmative defenses of failure to mitigate damages and contributory negligence.

Following a trial on the merits, the jury returned a verdict in favor of Lynde on her claim for negligence. The jury awarded Lynde $15,824.50 in actual damages including $10,000 for physical pain and mental anguish, $480 for loss of past earning capacity, $2,000 for past physical impairment, and $3,344.50 for past medical expenses. Lynde moved for a judgment notwithstanding the verdict on the award of past medical expenses seeking the full amount she claimed. She argued that Bullard did not contest the reasonableness or necessity of the medical expenses and there was no medical testimony to support the theory that Lynde's injuries were not causally related to the accident. The trial court signed a judgment awarding Lynde a total of $31,884.89 in actual damages including prejudgment interest. Bullard brought this appeal.

II.

In a single issue on appeal, Bullard contends the trial court erred in granting Lynde's motion for judgment notwithstanding the verdict because there was more than a scintilla of evidence to show that Lynde failed to mitigate her damages and not all of her injuries were causally related to the accident. Bullard argues the evidence of Lynde's participation in sports and other physical activities that potentially exacerbated her injuries supported the jury's decision to award Lynde less than the full amount of medical expenses she sought. A trial court may disregard a jury's verdict and render judgment notwithstanding the verdict only if no evidence supports the jury's findings. See *Rosenblatt v. Freedom Life Ins. Co. of America*, 240 S.W.3d 315, 318 (Tex.App.-Houston [1st Dist.] 2007, no pet.). We review the evidence in the light most favorable to the jury's verdict under well-settled standards that govern a "no-evidence" or legal sufficiency review. See *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005); *N.N. v. Inst. for Rehab. and Research*, 234 S.W.3d 1, 8 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

The evidence presented at trial included the testimony of Lynde's orthopedic surgeon, Dr. Goodhart. Dr. Goodhart testified that he believed Lynde's elbow

fracture was caused by the automobile accident at issue. He also testified, however, that Lynde's participation in sports activities while at college could have aggravated the injury or made it worse. Dr. Goodhart further stated that Lynde's participation in sports activities could have caused the changes in her condition that he saw a year after the accident resulting in the recommended surgery.

After hearing the evidence, the jury awarded Lynde approximately one-third of the medical expenses she sought. We have reviewed the record under the appropriate standard of review and conclude there is more than a scintilla of evidence to support the jury's finding that Lynde was not entitled to all of the past medical expenses she claimed. The evidence supports a finding that, by participating in physical activities at college and failing to seek medical care for more than a year, Lynde may have caused some of the damage to her elbow for which she received medical treatment.

■ Lynde contends Bullard is precluded from challenging her medical expenses because he failed to supplement his responses to discovery as ordered by the trial court. Specifically, in an order granting a motion to compel discovery, the trial court ordered Bullard to supplement his response to a request for disclosure with respect to the amount and method of calculating economic damages in this case. Although Bullard did not supplement his original disclosure on this issue, Lynde's argument that Bullard cannot challenge the award of medical expenses based on his failure to supplement discovery is misplaced.

First, the penalty for failure to supplement discovery is the exclusion of the material or information sought from evidence at trial. See TEX.R. CIV. P. 193.6. In this case, Lynde did not object or otherwise seek to exclude from evidence any testimony presented by Bullard on Lynde's failure to mitigate her damages and the causal relationship between her conduct and her injuries. Accordingly, Lynde has failed to preserve for review any complaint about the admission of this evidence at trial.

Second, in his original response to the request for disclosure, Bullard stated he was disputing Lynde's medical treatment and related bills because her injuries were "not proximately caused by any act of negligence" he committed and Lynde "failed to mitigate her damages." These timely disclosed contentions formed the basis of Bullard's challenge to Lynde's damages at trial. Although he did not supplement his response, Bullard did not contest Lynde's damages on a basis that he did not disclose.

■ Finally, Lynde contends Bullard is precluded from challenging the amount of her medical expenses because the trial court granted summary judgment on the issue. The issue upon which the trial court granted summary judgment, however, was the reasonableness and necessity of Lynde's past medical expenses, not whether the expenses incurred were attributable to injuries caused by the accident. Bullard did not dispute that the expenses incurred by Lynde were reasonable and necessary. Instead, Bullard contended, and presented evidence to show, that some of the medical care Lynde required was caused by her conduct after the accident rather than the accident itself. Causation is an entirely separate issue from the reasonableness and necessity of the expenses. See *Guevara v. Ferrer*, 247 S.W.3d 662, 669 (Tex.2007) (affidavits proving up medical bills are evidence that expenses are reasonable and necessary but not that all conditions were caused by the accident). The summary judgment in favor of Lynde did not, therefore, preclude

Bullard from challenging Lynde's medical expenses on the grounds of causation.

Based on the foregoing, we conclude there was legally sufficient evidence to support the jury's award of damages. Accordingly, we reverse the trial court's judgment notwithstanding the verdict and remand the cause to the trial court to render judgment consistent with the jury's verdict.