ALEXANDER SHREN–YEE
CHENG, Appellant,

v.

ZHAOYA WANG and Charng–Wen
Michael Lo, Appellees.

No. 05–08–01707–CV.

Court of Appeals of Texas,
Dallas.

June 22, 2010.

Joe L. Orr, Orr & Orr, Fort Worth, TX, for Appellant.

James N. Apostle, Dallas, TX, for Appellees.

Before Justices RICHTER, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice RICHTER.

The trial court rendered judgment in favor of appellees following a three day bench trial. Cheng appeals the judgment and raises seven issues. In his first issue, Cheng argues the trial court violated its own scheduling order. In three issues, Cheng contends the trial court erred in not appointing a Chinese interpreter. In two other issues, Cheng argues the trial court erred in admitting evidence and by allowing leading questions. In his final issue,

Cheng contends the trial court was prejudiced against him because he did not have an attorney. We overrule all of Cheng's issues and affirm the trial court judgment.

## BACKGROUND

This litigation arises from a partnership between the parties, all Chinese natives, doing business in the United States.

Cheng and Zhaoya Wang ("Wang") formed a partnership, CLW International ("CLW"), in 2003. The purpose of the partnership was to design products, manufacture them in China, and sell the products in the United States. The main product of CLW was wood cabinets. Wang is an engineer and was responsible for designing the product and monitoring the manufacturing process in China.

Cheng and Wang decided to bring in a third partner, Charng–Wen Michael Lo ("Lo"), to invest in and help operate the partnership in late 2004. All parties had management responsibilities until September 2005, when Cheng indicated he wished to withdraw from management to become CLW's full time sales representative. At that time, CLW only had one customer, Builders Surplus. Cheng handled the Builders Surplus account. In March 2006, Cheng notified Wang that they had lost the Builders Surplus account. Wang and Lo alleged that Cheng created a separate business and diverted the Builders Surplus account to his new business.

This lawsuit was commenced on June 2, 2006, when MetroBank, NA, filed an interpleader petition against CLW, Cheng, Wang, and Lo, to resolve disputes over an account in the name of CLW. After MetroBank was dismissed from the action, Lo and Wang filed cross claims against Cheng, and Cheng filed cross claims against Lo and Wang. Cheng was initially represented by an attorney and his attorney filed his First Amended Original Answer and Cross Claim. Cheng's attorney withdrew in February 2007, and Cheng has since represented himself. During the course of the proceedings below, Cheng filed numerous pleadings including amended cross claims, motion for sanctions, proposed pre-trial order, affidavit in support of pretrial order, and request for findings of fact and conclusions of law. On October 29, 2007, Cheng filed a Second Amended Cross–Claim against Wang and Lo. No affirmative relief was requested in the Second Amended Cross–Claim. Cheng attempted to file a third amended cross-claim on the second day of the trial, but this was rejected by the trial court. He also conducted discovery and represented himself throughout the trial. All of the documents filed by Cheng with the trial court were in English and Cheng never requested a Chinese translator.

The Uniform Scheduling Order set the first trial date for June 6, 2007. Cheng announced ready for trial shortly before that date, but there is nothing in the record indicating that Wang and Lo announced ready for trial. A motion for continuance was filed on June 4, 2007. The notation on the judge's docket does not indicate who filed the motion, nor is there a copy of the motion in the record. However, Cheng alleges that the continuance was requested by Wang and Lo and they do not dispute that.

The case was reset by the trial judge to November 28, 2007. The day before the next scheduled trial date, Wang and Lo filed a motion for a continuance to conduct additional discovery. The case was reset for trial for March 5, 2008. Wang and Lo filed another motion for continuance due to the unavailability of a witness and documents. The trial was reset for, and commenced on, July 30, 2008.

The court conducted the trial on July 30 and July 31, 2008. It was scheduled to continue on August 1, 2008. However, on the morning of August 1, 2008, Cheng sent a friend to court with a motion for continuance. In the motion, Cheng alleged that he had been sick throughout the night and asked the court to continue the trial. The motion was not verified and the judge denied the motion. The judge then announced judgment for Wang and Lo for fraud and breaches of fiduciary duties. A final judgment was not signed until September 24, 2008. Cheng appeals from that judgment.

## DISCUSSION

### *Trial Court's Scheduling Order*

■ In his first issue, Cheng complains that the trial court violated its own scheduling order. First, Cheng argues the trial court failed to follow Local Rule 2.03. Dallas (Tex.) Civ. Dist. Ct. Loc. R. 2.03. Next, Cheng contends that although he complied with the scheduling order by filing a proposed pre-trial order and announcing ready for trial, Wang and Lo did not comply with the order.

■ Local Rule 2.03 provides "counsel shall submit to the Court a proposed judgment or dismissal order, unless ordered otherwise. Failure to so furnish the Court with such a proposed judgment or dismissal order will be interpreted to mean that counsel wish the Court to enter an Order of Dismissal...." The rule does not require the trial court to sign the order within thirty days, it directs the parties to submit the order within thirty days. Cheng has failed to support his argument that dismissal was mandatory with any legal authority. Failure to support an argument with citations to any legal authority, waives those issues on appeal. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex.App.-Houston [1st Dist.] 2006, not pet.). Therefore, this issue is waived.

■ Cheng also complains that Wang and Lo failed to comply with the scheduling order by failing to submit a pre-trial order and failing to announce ready for trial. Cheng did not raise these objections with the trial court, and therefore, failed to preserve error for appellate review. TEX. R.APP. P. 33.1(a).

Having waived arguments raised in his first issue and failing to preserve error for appellate review, we overrule Cheng's first issue.

### *Appointment of an Interpreter*

■ In three related issues, Cheng argues the trial court erred by not sua sponte appointing a Chinese interpreter. No request or motion for an appointment of an interpreter for Cheng was made by any party or witness. Cheng contends that the trial court should have taken judicial notice of his lack of understanding of the English language and the need for a Chinese interpreter. Cheng does not cite any authority requiring sua sponte appointment of an interpreter in a civil proceeding, but relies on several criminal cases. *See Garcia v. State*, 149 S.W.3d 135 (Tex.Crim.App.2004); *Ridge v. State*, 205 S.W.3d 591 (Tex.App.-Waco 2006, pet. ref'd); *Vasquez v. State*, 819 S.W.2d 932 (Tex.App.-Corpus Christi 1991, pet. ref'd). However, none of these cases are applicable to a civil proceeding. In a criminal proceeding the accused's right to an interpreter is part of the constitutional right to confrontation. *Vasquez*, 819 S.W.2d at 937. There is no constitutional right to confrontation in a civil proceeding and the statutes and rules of procedure cited by Cheng in his brief all provide that in civil courts the court "may," on its own motion, appoint an interpreter. *See* TEX.R. CIV. P. 183; TEX. CIV. PRAC. & REM.CODE ANN.

§ 21.031 (Vernon 2008); Tex. Gov't Code Ann. § 57.002(b) (Vernon Supp.2009). When the term "may" is used in a statute it indicates the provision is discretionary, not mandatory. Tex. Gov't Code Ann. § 311.016 (Vernon 2005); *Hardy v. Marsh*, 170 S.W.3d 865, 870–71 (Tex.App.-Texarkana 2005, no pet.). Accordingly, the trial court was permitted, but not required, to appoint an interpreter.

■ When a trial court's function is discretionary, we should reverse only when there was a clear abuse of discretion. *Hardy*, 170 S.W.3d at 871. The record establishes that Cheng was proficient in English. Cheng conducted business in this country and was the sales representative for CLW to its American customers. There were e-mails between the parties admitted into evidence that were in English. The partnership agreement between the parties that is the subject of the underlying dispute, is in English. Cheng filed multiple pleadings with the court that were in English. Cheng complains that "critical evidence" was in Chinese. However, there was only one e-mail in Chinese and Cheng asked that the witness, the person who sent the e-mail, be allowed to translate it. The judge allowed the witness to explain what it said and appellees' counsel did not renew his objection after the witness explained the content of the document ... Finally, a review of the record establishes that Cheng's difficulty at trial was not because he had difficulty with the English language, but because he was not a lawyer and did not understand how a trial is conducted or the technicalities of the rules of evidence. However, Cheng chose to represent himself and the difficulties he encountered during the trial because of that choice do not constitute grounds for reversal. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves"). To hold otherwise would give a pro se litigant an advantage over a litigant who has retained counsel. *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 693 (Tex.App.-Dallas 2008, no pet.). Accordingly, based upon the record, we do not find the trial court abused its discretion by failing to sua sponte appoint an interpreter. We overrule issues two, three, and six.

### Evidentiary Issues

■ In his fourth issue, Cheng alleges that evidence was "mis-identified and some admitted over valid objections." Cheng argues that this constitutes "an abuse of discretion" by the trial court. In order to preserve an objection to admission of evidence, the party must make a timely objection and state the specific grounds at the time the evidence is presented. Tex.R. Evid. 103(a)(1); Tex.R.App. P. 33.1(a). When counsel for Wang and Lo tendered the exhibits Cheng contends were erroneously admitted, Cheng complained that they were not put in the same order. This was not a valid objection to the evidence at trial. Therefore, Cheng failed to preserve error. Issue four is overruled.

■ In his seventh issue, Cheng raises two different evidentiary points (1) the trial court erred by allowing Wang's and Lo's attorney to ask leading questions; and (2) the trial court erred by not allowing Cheng to admit evidence. In his first point, Cheng contends that the trial court allowed leading questions. However, Cheng did not make timely and specific objections at trial and failed to preserve error for appellate review. Tex.R. Evid. 103(a)(1); Tex.R.App. P. 33.1(a). Even if Cheng had preserved error in the trial court, Cheng has failed to explain or cite any authority that any error in the admis-

sion or exclusion of evidence affected a "substantial right." Tex.R. Evid. 103(a). Therefore, we overrule Cheng's first argument raised in issue seven.

In his second point raised in issue seven, Cheng contends that the trial court did not allow him to admit evidence. The record cited by Cheng for this point shows that Cheng attempted to testify about a document that had not been admitted into evidence and this testimony was excluded on the basis of relevance. In order to preserve error in the exclusion of evidence, a party must make an offer of proof of the excluded evidence specific enough for a reviewing court to determine its admissibility. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Cheng did not make an offer of proof in order to preserve error. Accordingly, we conclude that Cheng failed to preserve error and overrule this second point raised in issue seven. Cheng's seventh issue is therefore overruled.

### Prejudice Toward pro Se Litigant

In his fifth issue, Cheng contends that the trial court was prejudiced against him because he was not represented by an attorney. Cheng did not support this issue with citation to any legal authority. Appellate briefs are required to "contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record." Tex. R.App. P. 38.1. The issues are waived on appeal if the appellant fails to comply with the rules. *Abdelnour,* 190 S.W.3d at 241. Therefore, Cheng's fifth issue is waived.

We affirm the trial court's judgment.