In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00342-CV
_____

PAM SAHUALLA AND TRACY SAHUALLA, Appellants

V.

GUSEMAN CONSTRUCTION, LLC
Appellee

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-190,068

MEMORANDUM OPINION

Appellee Guseman Construction, LLC ("Guseman") sued *pro se* appellants Pam Sahualla and Tracy Sahualla[1] for breach of contract pertaining to an agreement to pour a concrete driveway. The jury found that Guseman failed to comply with the agreement but awarded the Sahuallas no monetary damages, and the trial court signed a judgment in accordance with the jury's verdict. In two

---

[1]The Sahuallas were represented by counsel at trial, but they are *pro se* in this appeal.

1

appellate issues, the Sahuallas challenge the admission of expert testimony regarding testing of the concrete, and Guseman's counsel asking leading questions during direct examination.[2] We affirm the trial court's judgment.

ISSUE ONE

In their first issue, the Sahuallas challenge the admission of expert testimony regarding testing of the concrete. At trial, professional engineer Tyler Henneke testified regarding core sampling of the concrete. The Sahuallas did not object to the admission of Henneke's report into evidence, nor did they object to Henneke's testimony that the concrete passed the core sampling test. During Henneke's testimony, three video clips depicting the removal of core samples for testing and the laboratory where the testing was done were shown to the jury and admitted as exhibits. The Sahuallas did not object to the admission of the video clips into evidence. Guseman's counsel offered into evidence the three core samples of

---

[2]The Sahuallas seem to also complain of alleged bias in the "court system." The Sahuallas allege that Guseman has "a family member of very high power in our court system" which led to a mistrial in July 2013. The case was retried in April 2014 and the trial court signed the judgment from which the Sahuallas now appeal. As support for their argument, the Sahuallas cite this Court to the November 25, 2013, hearing on their trial counsel's motion to withdraw, at which the Sahuallas seemed to contend that trial counsel's performance was deficient and complained of their difficulties finding an attorney to represent them. The record does not reflect that the Sahuallas raised their claim of bias in the "court system" before the trial court and obtained a ruling; therefore, we may not now address that argument on appeal. The Sahuallas did not demonstrate that bias affected the outcome of their case. *See* Tex. R. App. P. 33.1(a).

2

concrete that were tested. The Sahuallas lodged a relevancy objection to the admission of the three core samples of the concrete into evidence, contending that "based on the expert's testimony, all that shows is strength of the concrete. It didn't show whether there was a cold slab or any other defects." The trial court overruled the objection, stated that the core samples were admissible "for the limited purpose of the jury being able to examine what was tested," and admitted the samples into evidence. As discussed above, the Sahuallas did not object to Henneke's qualifications, his testimony regarding the core sampling process, the admission of Henneke's report into evidence, or the admission of the video clips into evidence. Therefore, the Sahuallas did not preserve those complaints for appellate review. *See* Tex. R. App. P. 33.1(a).

We now turn to the Sahuallas' complaint concerning the admission of the concrete samples into evidence. We review the trial court's evidentiary rulings for an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). The trial court abuses its discretion when it acts without reference to any guiding rules or principles such that its ruling is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). The Sahuallas have failed to demonstrate that the trial court abused its discretion by admitting the core samples into evidence. In

3

addition, even if admitting the core samples into evidence had been erroneous, the Sahuallas have not shown that the admission of the samples into evidence led to the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a). Accordingly, we overrule issue one.

## ISSUE TWO

In their second issue, the Sahuallas complain of leading questions Guseman's counsel asked witnesses for Guseman. A leading question is one that suggests the desired answer or puts words into the witness's mouth to be echoed back. *GAB Business Servs., Inc. v. Moore*, 829 S.W.2d 345, 351 (Tex. App.—Texarkana 1992, no pet.). Leading questions should not be used during direct examination except as necessary to develop the witness's testimony. Tex. R. Evid. 611(c). Failure to object to a leading question waives any error. *Cheng v. Wang*, 315 S.W.3d 668, 672 (Tex. App.—Dallas 2010, no pet.); Tex. R. App. 33.1(a). The decision to permit a leading question lies within the sound discretion of the trial court. *Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 568 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (Tex. 1998). To obtain reversal, the Sahuallas must demonstrate that the error probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Malone*, 916 S.W.2d at 568.

4

The Sahuallas do not point out in their brief any specific instances of leading questions. Any instances of leading questions to which the Sahuallas did not object at trial are not preserved for appellate review. *See* Tex. R. App. P. 33.1(a); *Cheng*, 315 S.W.3d at 672. Our review of the record reveals several instances when the Sahuallas' counsel objected to leading questions by Guseman's counsel, and the trial court sustained many of the objections. The Sahuallas have not demonstrated that the trial court abused its discretion by overruling any of their objections to the leading questions, nor have they demonstrated that the leading questions probably led to the rendition of an improper judgment. *See* Tex. R. Evid. 611(c); *Malone*, 916 S.W.2d at 568; *see also* Tex. R. App. P. 44.1(a). Accordingly, we overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 9, 2015
Opinion Delivered May 7, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.

5