**AFFIRM; and Opinion Filed April 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01363-CV

**JOSEPH LEIMEISTER AND ROBERT CAMPBELL, Appellants**
**V.**
**COSMIC LIMOUSINE AND TRANSPORTATION COMPANY, INC. AND EMEKA CHRISTOPHER NWITOR, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-07438**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Brown

Appellants Joseph Leimeister and Robert Campbell sued appellees Cosmic Limousine and Transportation Company ("Cosmic") and driver Emeka Christopher Nwitor for injuries they alleged they suffered in an automobile collision. Following a jury trial, the trial court rendered judgment in accordance with the jury's verdict that appellants recover medical expenses from Nwitor, but that they take nothing from Cosmic. In four issues, appellants generally contend (1) the evidence is factually insufficient to support the jury's damages findings, (2) the trial court erred in excluding evidence of insurance, and (3) the trial court erred in admitting unfairly prejudicial evidence of Leimeister's previous medical condition. For the following reasons, we affirm the trial court's judgment.

## I. Background

Cosmic is a limousine company that arranges transportation for its customers at local airports and for private events. It possesses a permit that allows it to do so at the Dallas Fort Worth International Airport. Nwitor drives a Lincoln Town Car and provides services to both Cosmic's and his own customers.

On January 9, 2012, after Nwitor dropped off one of his own customers, he struck a Toyota Prius in which Leimeister and Campbell were traveling. Paramedics responded to the scene, and transported Campbell to the hospital by ambulance after he complained of neck pain. Campbell was released a few hours later.

Meanwhile, Leimeister had friends pick him up from the scene. After he complained of chest pain, they took him to the emergency room where medical personnel checked Leimeister's heart and discovered he had atrial fibrillation, an abnormal heart rhythm. Leimeister incurred substantial medical expenses for the emergency room visit and for the heart condition treatment that followed.

Appellants sued Nwitor and Cosmic for negligence. Appellants alleged Nwitor's negligence proximately caused the collision and that Cosmic was liable because Nwitor was acting in the course and scope of his employment with Cosmic at the time of the collision. Appellants sought damages for pain, mental anguish, physical impairment and medical expenses. A jury found in favor of appellants on their negligence claim against Nwitor, but failed to find that he was acting as Cosmic's employee at the time of the collision. The jury found Campbell incurred $9,000 in medical expenses as a result of the collision, slightly more than the roughly $8,500 he sought, but awarded Leimeister only $20,000 of the nearly $185,000 he claimed he incurred as a result of the collision. The jury did not award either Leimeister or Campbell any

2

damages for pain, mental anguish or physical impairment. The trial court rendered judgment in accordance with the jury's verdict. This appeal followed.

## II. Jury's Noneconomic Damages Award

In their first issue, appellants contend the jury's failure to award them any damages for pain, mental anguish, or physical impairment was so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

### A. *Standard of Review*

In reviewing a factual sufficiency challenge to an adverse finding on which the party had the burden of proof, we determine whether the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); *Grant v. Cruz*, 406 S.W.3d 358, 363 (Tex. App.—Dallas 2013, no pet.). We will set aside a jury finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Grant*, 406 S.W.3d at 363.

### B. *Applicable Law*

In a personal injury case, a plaintiff must establish two causal nexuses: (1) a causal nexus between the defendant's conduct and the event sued upon; and (2) a causal nexus between the event sued upon and the plaintiff's injuries. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). The causal nexus between the event sued upon and the plaintiff's injuries must be shown by competent evidence. *Guevara v. Ferrer*, 247 S.W.3d 662, 666 (Tex. 2007); *Morgan*, 675 S.W.2d at 732. When a plaintiff claims damages for a medical condition the cause of which is not within the common knowledge and experience of jurors, expert testimony is necessary to show the defendant's conduct caused that condition. *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015).

3

When uncontroverted evidence shows objective injuries were caused by an event, a jury finding the plaintiff suffered no pain or physical impairment from those injuries may be against the great weight and preponderance of the evidence. *Lanier v. E. Foundations, Inc.*, 401 S.W.3d 445, 455 (Tex. App.—Dallas 2013, no pet.). On the other hand, in the absence of objective injuries, courts will generally not disturb a jury's failure to award such damages. *See id.* Additionally, when there is conflicting evidence on whether claimed injuries were caused by an event, a jury's failure to award damages for those injuries is not against the great weight and preponderance of the evidence. *Id.* at 455-56. A jury may also determine that only part of the plaintiff's injuries were caused by the defendant's negligence and award damages accordingly. *Id.*

### C. *Application of Law to Facts*

Appellants claim the jury's failure to award them any damages for pain, mental anguish, or physical impairment was against the great weight and preponderance of the evidence. We measure the sufficiency of the evidence to support the jury's findings by the trial court's charge. That charge asked the jury to determine what sum of money would fairly and reasonably compensate Leimeister and Campbell for injuries that *resulted* from the occurrence in question. The jury answered by specifying amounts for: (1) past physical pain and mental anguish, (2) future physical pain and mental anguish, (3) past physical impairment, and (4) future physical impairment. The jury answered $0 for each of these categories of damages.

To show the jury's failure to award them any damages for pain, mental anguish or physical impairment was against the overwhelming weight of the evidence, appellants rely primarily on medical records showing they reported pain immediately after the collision and on their own testimony at trial that they suffered pain and physical impairment as a result of the collision. However, they have largely failed to direct us to evidence linking that evidence to

objective or verifiable injuries suffered in the collision. We will discuss the evidence supporting each of their claims in turn.

*1. Evidence of Leimeister's Physical Injuries*

Whether Leimeister suffered any physical injuries at all as a result of the collision was a hotly contested issue at trial. Appellants nevertheless assert the jury's failure to award him any damages for such injuries was against the overwhelming weight of the evidence. Appellants rely primarily on evidence they assert shows Leimeister suffered atrial fibrillation as a result of the collision. At trial, appellants asserted the blunt force of the airbag hitting Leimeister's chest caused his atrial fibrillation, which entitled Leimeister to recover pain, mental anguish, and impairment caused by that condition. However, appellants' only evidence supporting that theory was testimony by their expert, Dr. James Strader. Strader testified there was a "reasonable medical probability" Leimeister's atrial fibrillation was "related" to blunt force trauma from the motor vehicle accident and that the collision *could* have caused the condition. But Strader also testified there was a "reasonable probability" the accident *did not* cause the condition.[1] Strader's testimony thus showed only that it was possible that Leimeister's atrial fibrillation was caused by the accident.

Even if we concluded this was some evidence of causation, it was certainly not overwhelming. *Cf. Ins. Co. of N. Am. v. Myers*, 411 S.W.2d 710, 713 (Tex. 1966) (reasonable probability is determined by the substance of the expert's testimony, not the witness's use of any particular term or phrase). Moreover, appellees' expert testified that blunt force trauma neither causes nor aggravates atrial fibrillation. We conclude the jury was not required to award

---

[1] It is apparent from Strader's testimony that he based his opinion as to the causal nexus on the temporal proximity between the collision and the onset of Leimeister's self-reported symptoms. Temporal proximity alone is insufficient to establish causation. *Guevara*, 247 S.W.3d at 667.

Leimeister damages for pain, mental anguish, or physical impairment caused by his heart condition. Appellants have not directed us to any other evidence showing Leimeister suffered objective injuries as a result of the collision. *See, e.g., Estrada v. Dillon*, 44 S.W.3d 558, 560 (Tex. 2001) (damages required when uncontroverted evidence showed plaintiff suffered injuries to his knees, broken ribs, cracks in his pelvis, shattered and cracked teeth, and bruises on his sternum and arm).

Furthermore, the jury was not required to award damages for pain, mental anguish, or physical impairment just because Leimeister testified that he suffered such damages as a result of the collision. The jury, as the sole judge of the credibility of the witnesses called at trial, was free to reject Leimeister's testimony as to his damages and/or its cause. *Pilkington v. Kornell*, 822 S.W.2d 223, 230 (Tex. App.—Dallas 1991, writ denied); *Waltrip v. Bilbon Corp.*, 38 S.W.3d 873, 882; *see also Grant*, 406 S.W.3d at 364; *cf. Guevara*, 247 S.W.3d at 665 (expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors). In the absence of objective, uncontroverted evidence that Leimeister was physically injured *as a result of the collision*, we cannot conclude the jury's failure to award him damages for pain, mental anguish, or physical impairment was against the overwhelming weight of the evidence.

In reaching this conclusion, we reject appellants' suggestion that the jury's award of medical expenses shows it necessarily found Leimeister suffered an injury which required it to award some amount of monetary damages for pain, mental anguish, or physical impairment. An award of damages for physical pain or impairment is not always warranted when medical expenses are awarded. *Grant*, 408 S.W.3d at 365. As this Court has previously explained, a jury can determine a plaintiff "should fairly be compensated for seeking enough medical care to ensure that [his] injury was not serious," but that he did not suffer non-pecuniary damages

6

warranting a monetary award. *See Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801, 805 (Tex. App.—Dallas 1988, no writ); *see also Waltrip*, 38 S.W.3d at 880 (jury may award medical expenses for diagnostic purposes and no damages for pain and suffering). Appellants have not shown the evidence is factually insufficient to support the jury's failure to award non-economic damages to Leimeister.

## 2. *Evidence of Campbell's Physical Injuries*

To show Campbell must have suffered some amount of compensable pain, mental anguish, and/or physical impairment, appellants cite us only generally to Campbell's medical records and to his testimony and conclude that evidence shows he suffered "upper torso pain" and "back injuries." To the extent appellants rely on generalized evidence of a "back injuries," they have failed to identify or direct us to evidence of an objectively verifiable back injury. Therefore, the jury was not required to award damages for such alleged injuries. *See Hyler v. Boytor*, 823 S.W.2d 425, 427 (Tex. App.—Houston 1992, no writ); *Pilkington*, 822 S.W.2d at 230−31; *Biggs v. GSC Enters., Inc.*, 8 S.W.3d 765, 769 (Tex. App.—Fort Worth 1999, no pet.); *see also Blizzard*, 756 S.W.2d at 805.

However, appellants did present uncontested evidence that Campbell suffered bruising and an abrasion as a result of the collision. Photographs of Campbell's injuries, which were caused by his seat belt, were admitted into evidence. Uncontroverted, objective evidence of injury does not always require mental anguish damages. *Lanier*, 401 S.W.3d at 455; *Lamb v. Franklin*, 976 S.W.2d 339, 341 (Tex. App.—Amarillo 1998, no pet.). We conclude the jury could have determined Campbell's injuries were too minimal to require an award of monetary damages. *See Blizzard,* 756 S.W.2d at 805; *Enright v. Goodman Distr., Inc.*, 330 S.W.3d 392, 402 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *McDonald v. Dankworth*, 212 S.W.3d 336,

7

349 (Tex. App.—Austin 2006, no pet.); *Waltrip*, 38 S.W.3d at 882; *Biggs*, 8 S.W.3d at 769.  We resolve the first issue against appellants.

### III.  Leimeister's Medical Expenses

In their second issue, appellants assert the evidence is factually insufficient to support the jury's finding that Leimeister suffered only $20,000 in medical expenses.  To support their complaint, appellants rely on medical expense affidavits showing Leimeister incurred $184,742.45 for reasonable and necessary medical services after the collision.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West 2013).  Appellants' also rely on Strader's testimony to show the medical expenses were incurred to treat injuries Leimeister suffered as a result of the collision.  At trial, Strader testified the medical services referenced in the affidavits were "essentially linked" to and were "related" to the collision.  According to appellants, because appellees did not controvert the medical expense affidavits, the jury's award of only $20,000 was against the overwhelming weight of the evidence.

To recover medical expenses, appellants were required to show not only what  injuries or conditions Leimeister suffered that generated the expenses but also that those injuries or conditions were caused by the collision.  *Guevara*, 247 S.W.3d at 162; *JLG Trucking*, 466 S.W.3d at 162.  Appellants' expense affidavits showed only that Leimeister incurred medical expenses for necessary services and that the amounts charged were reasonable.  *See id*.  Appellants' expense affidavits did not establish such causation.  *See JLG Trucking*, 466 S.W.3d at 669; *Bullard v. Lynde*, 292 S.W.3d 142, 145 (Tex. App.—Dallas 2009, no pet.); *Barrajas v. VIA Metro. Transit Auth.*, 945 S.W.2d 207, 209 (Tex. App.—San Antonio 1997, no writ); *Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex. App.—Eastland 1995, no writ).  Nor did Strader testify that the medical expenses were incurred to treat injuries *caused by* the collision.  Absent a showing of overwhelming evidence that Leimeister suffered more than $20,000 in

8

medical expenses as a result of the collision, we cannot conclude the evidence is factually insufficient to support the damages award.[2] We resolve the second issue against appellants.

## IV.  Exclusion of Evidence of Automobile Insurance

In their third issue, appellants contend the trial court erred in sustaining appellees' objection to evidence that Cosmic insured the car that Nwitor was driving at the time of the collision.  According to appellants, the excluded evidence showed Nwitor was Cosmic's employee and Cosmic was therefore liable for Nwitor's negligence.

At trial, both Cosmic's president Davidson Udeogu and driver Nwitor testified that Nwitor was an independent contractor who owned the Town Car he was driving at the time of the collision.  However, they both admitted the Town Car was both titled and registered in Cosmic's name.  Udeogu said the car was titled in Cosmic's name for "operational purposes." Specifically, DFW Airport regulations required all cars operating under Cosmic's permit be titled in the permit holder's name.  Udeogu also admitted he had signed an affidavit stating Cosmic owned the car.  He said he did so in connection with an insurance claim because the car was titled in Cosmic's name.  Nevertheless, both Nwitor and Udeogu testified that Nwitor decided if and when Nwitor would use the car to provide transportation to Cosmic's customers and that Nwitor was paid only if he accepted a Cosmic assignment.

After Nwitor testified about his insurance claim, appellants sought to present evidence of Cosmic's insurance ID card and the "declaration pages" of Cosmic's insurance policy.  They claimed evidence that Cosmic insured the car was relevant to show it "owned" the car, which in

---

[2] During oral argument, appellants suggested we must reverse because there is insufficient evidence to support a finding that Leimeister suffered precisely $20,000 in medical expenses as a result of the collision.  Appellants' argument appears to be premised on the notion that the jury's award of $20,000 was internally inconsistent because almost all of Leimeister's medical expenses were incurred to treat his heart condition. In other words, the jury could have reasonably awarded only zero medical expenses or the full amount claimed.  Of course, appellees could make the same argument in support of a claim the award was too great.  Regardless, appellants did not alert the trial court to the alleged inconsistency before the jury was discharged.  See TEX. R. CIV. P. 295.

turn was relevant to show Nwitor was Cosmic's employee. Appellants did not, however, dispute that the only reason Cosmic insured the car was because of requirements imposed by DFW Airport. The trial court excluded the evidence.

On appeal, appellants devote most of their briefing to arguing the relevance of the excluded evidence. But the record shows the trial court did not exclude the evidence because it was irrelevant. Rather, the evidence was excluded under rule 403. See TEX. R. EVID. 403; *Owens-Corning Fiberglas Corp.*, 972 S.W.2d at 43. Rule 403 permits a trial court to exclude relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or confusion. TEX. R. EVID. 403. In applying rule 403, the trial court must balance and weigh the probative effect of the evidence against its potential for unfair prejudice and confusion. *LSR Joint Venture No. 2 v. Callewart*, 837 S.W.2d 693, 698 (Tex. App.—Dallas 1992, writ denied). When a trial court excludes evidence under rule 403, the appellant must establish the trial court abused its discretion in conducting this balancing test. *Estate of Finney*, 424 S.W.3d 608, 614 (Tex. App.—Dallas 2013, no pet.).

Appellants must therefore show that the trial court abused its discretion in concluding the probative value of the insurance evidence was substantially outweighed by the danger of unfair prejudice and confusion. *See id.* Other than appellants' conclusory statement that the excluded evidence was not "substantially prejudicial," appellants have not articulated how the trial court's 403 ruling constituted an abuse of discretion. *Id.*

We further conclude the record does not support a conclusion that the trial court abused its discretion in conducting the rule 403 balancing test. According to appellants, the excluded evidence was probative to show Nwitor was Cosmic's employee rather than an independent contractor. The test to determine whether a worker is an employee rather than independent contractor is whether the employer has the right to control the progress, details, and methods of

10

operations of the work. *Thompson v. Travelers Indem. Co.*, 789 S.W.2d 277, 278 (Tex. 1990). Evidence that a worker is obligated to furnish the necessary tools, supplies, and materials to perform the job is a relevant factor in determining whether the worker subject to his employer's control and thus an employee. *See Limestone Prods Dist., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002); *Pitchfork Land & Cattle Co. v. King*, 162 Tex. 331, 346 S.W.2d 598, 603 (1961).

In this case, evidence that Cosmic insured a car the jury already knew was titled and registered in its name did little to further establish Cosmic had the right to control the details of Nwitor's work. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 542 (Tex. 2002) ("[T]he right to control remains the 'supreme test' for whether the master-servant relationship exists" and thus whether the rule of vicarious liability applies.). On the other hand, evidence that both Cosmic and Nwitor were protected by liability insurance posed a significant danger of unfair prejudice. *See Mendoza v. Varon*, 563 S.W.2d 646, 649 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.). The trial court could have also considered the danger the evidence had to confuse or mislead the jury, particularly because of the reasons Cosmic insured the car. Under these circumstances, we cannot conclude the trial court abused its discretion in excluding the evidence under rule 403.

In reaching this conclusion, we reject appellants' assertion that appellees cannot complain of the danger of unfair prejudice because they "opened the door." Even if a party has opened the door to evidence, a trial court may still exclude the evidence under rule 403. *See Gladney v. State*, 05-11-01088-CR, 2012 WL 5949473, at *3 (Tex. App.—Dallas Nov. 28, 2012); s*ee also Bay Area Healthcare Grp, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). Moreover, appellants do not suggest the excluded evidence was necessary to rebut any testimony appellees

11

presented or to cure any false impression.[3]  *See, e.g., Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 906 (defendant opened the door to evidence by presenting testimony that conveyed false impression).  Instead, it appears appellants are arguing that appellees waived any complaint regarding the prejudicial effect of the evidence because Cosmic's president, Udeugo, already raised the issue of insurance.[4]  But as the trial court explained, even if it concluded Cosmic waived its right to complain about evidence of insurance, Nwitor did not, and Nwitor would be prejudiced regardless of whether or not the jury found he was acting as an independent contractor.  We cannot conclude the trial court abused its discretion in excluding evidence of Cosmic's insurance.  We resolve the third issue against appellants.

### V. Admission of Evidence of Leimeister's Prior Medical History

In their fourth issue, appellants assert the trial court erred in admitting evidence that, several years before the collision, Leimeister went to the emergency room complaining of chest pain and was advised to see a cardiologist, but he did not do so.  According to appellants, the trial court should have excluded this evidence because its probative value was substantially outweighed by the danger of unfair prejudice.  Appellants made no rule 403 objection at trial.  Therefore, they waived this complaint.   TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a); *Cheng v. Zhaoya Wang*, 315 S.W.3d 668, 672 (Tex. App.—Dallas 2010, no pet.).  We resolve the fourth issue against appellants.

---

[3] Because the trial court excluded the evidence, the question of whether appellees could have complained of its admission is not before us. *McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 188 (Tex. 1984) (a party on appeal should not be heard to complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character).

[4] Appellants also claim the evidence "would not have been prejudicial because [appellees] had already introduced it during trial." Assuming appellants are correct, it would also follow that  appellants cannot show exclusion of the evidence probably resulted in the rendition of an improper verdict.  S*ee,* TEX. R. APP. P. 44.1; *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009).

We affirm the trial court's judgment.

/Ada Brown/

ADA BROWN
JUSTICE

141363F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOSEPH LEIMEISTER AND ROBERT CAMPBELL, Appellants

No. 05-14-01363-CV         V.

COSMIC LIMOUSINE AND TRANSPORTATION COMPANY, INC AND EMEKA CHRISTOPHER NWITOR, Appellees

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-07438.
Opinion delivered by Justice Brown. Justices Lang-Miers and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees COSMIC LIMOUSINE AND TRANSPORTATION COMPANY, INC. and EMEKA CHRISTOPHER NWITOR  recover their costs of this appeal from appellants JOSEPH LEIMEISTER and ROBERT CAMPBELL.


Judgment entered this 20th day of April, 2016.