

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00878-CV

Florenca Torres-Kapitzky **YOUNG**,
Appellant

v.

Jacob Kyle **YOUNG**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 17810B
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:      Rebeca C. Martinez, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: June 19, 2019

REVERSED IN PART; AFFIRMED IN PART

Florenca Torres-Kapitzky Young appeals a decree of annulment asserting the trial court abused its discretion by: (1) failing to provide her reasonable notice of the trial setting; (2) failing to grant her a continuance; (3) failing to provide her with an interpreter; and (4) dividing the parties' property.

## BACKGROUND

Florenca, who is a Brazilian national, and Jacob Kyle Young were married in California on June 13, 2017. Three months after Florenca and Jacob married, they arrived in Texas where

they planned to live. On September 11, 2017, Jacob asked Florenca for an annulment based on some information he discovered about her, and Florenca returned to California.

On September 22, 2017, Jacob filed a petition to annul the marriage. On January 30, 2018, the trial court held a hearing on Florenca's motion to dismiss, and Jacob's motion to abate. Florenca's Texas attorney was present at the hearing, and Florenca was present by telephone at the office of her California attorney. Evidence was presented that Florenca's California attorney had filed a petition in California seeking a legal separation; however, questions were raised regarding Florenca's residency status, and Jacob had not been served in that lawsuit. At the conclusion of the hearing, the trial court granted the motion to abate the cause until March 1, 2018 because Jacob had not met the residency requirements for filing the petition.

On April 5, 2018, the trial court signed an order referring the cause to mediation. The mediator's report stated the mediation was cancelled because Florenca failed to appear. The report further stated Florenca's Texas attorney tried to contact Florenca's California attorney; however, she did not receive any response.

On June 4, 2018, Florenca's Texas attorney filed a motion to withdraw stating she was unable to effectively communicate with Florenca in a manner consistent with good attorney-client relations. The trial court signed an order granting the motion on June 27, 2018.

On June 28, 2018, the trial court signed an order setting a bench trial for August 9, 2018, to consider the annulment. The order stated notice of the setting was sent to Florenca at her last known address; however, the clerk's record shows that notice was returned to sender.

On August 9, 2018, Florenca appeared at trial and acknowledged her understanding that she was before the court for a final hearing. After Jacob's attorney questioned him, Florenca was given the opportunity to question Jacob; however, she elected not to question him. Jacob's attorney then called Florenca as a witness. In response to the second question asked by Jacob's

attorney, Florenca requested an interpreter. The trial court denied the request stating she was required to make the request before trial and further stated, "I have watched you throughout the testimony of Mr. Young, and you understood every single question and you responded to every single answer."

After Jacob's attorney finished questioning Florenca, the trial court gave Florenca the opportunity to "tell [her] side of the story within the Rules of Evidence." Florenca then proceeded to narrate her version of the relationship. After completing her testimony, Florenca asked the trial court if she could provide him with documents she referred to as "proofs." The trial court instructed her she needed to introduce them in accordance with the Rules of Evidence. At that time, Florenca asked, "Should I get days to get a lawyer since my first lawyer gave up on the case?" The trial court responded the matter was set for a final hearing and denied her request for additional time to find an attorney.

Jacob's attorney recalled Jacob as a witness to refute certain statements made by Florenca during her testimony after which Florenca asked Jacob a few questions on cross-examination. Florenca then sought to introduce documents into evidence a second time and was again told she needed to comply with the rules for admitting evidence. In response to her statement that English was not first language, the trial court stated, "your English is extremely good. I would compliment you on your English language that you have learned. You can communicate very well. … I don't think English is the problem here." The trial court then asked Jacob's attorney for a proposed order and signed the decree of annulment.

Florenca retained new counsel who filed a motion for new trial. After a hearing on the motion, the trial court signed an order denying it. Florenca appeals.

## NOTICE OF TRIAL SETTING

In her first issue, Florenca contends the trial court failed to provide her with reasonable notice of the trial setting.

Rule 245 authorizes a trial court to set a contested case on the court's own motion "with reasonable notice of not less than forty-five days to the parties." TEX. R. CIV. P. 245. "Error resulting from a trial court's failure to provide parties proper notice under Rule 245 is waived if a party proceeds to trial and fails to object to the lack of notice." *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.); *see also Stallworth v. Stallworth*, 201 S.W.3d 338, 346 (Tex. App.—Dallas 2006, no pet.) (same). In the instant case, Florenca did not object to the lack of notice and proceeded to participate in the trial. Accordingly, she waived her first issue.

## CONTINUANCE

In her second issue, Florenca contends the trial court abused its discretion in denying her motion for continuance. Florenca contends she requested the continuance at the conclusion of her testimony when she asked the trial court, "Should I get days to get a lawyer since my first lawyer gave up on the case?"

Texas Rule of Civil Procedure 251, which governs motions for continuance, provides that a motion for continuance shall not be granted without "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. "Accordingly, motions for continuance generally must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *In re C.F.*, 565 S.W.3d 832, 844 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). "When a motion for continuance does not comply with the rules— for example, when the motion is unwritten or unsupported by verified facts—appellate courts generally presume the trial judge did not abuse its discretion in denying the motion." *Id*. The

Texas Supreme Court, however, has refused to apply this presumption "to lay movants who without fault have their attorney withdrawn." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

In this case, the motion to withdraw filed by Florenca's Texas attorney stated she sought to withdraw because "she was unable to effectively communicate with Florenca in a manner consistent with good attorney-client relations." The motion further stated Florenca failed to appear for mediation without any communication with counsel. Accordingly, the record demonstrates Florenca was "negligent or at fault in causing [her] attorney's withdrawal." *See id*. Furthermore, the motion was granted approximately six weeks before trial. In her motion for new trial, Florenca asserted she only learned about the trial setting and her attorney's withdrawal on July 13, 2018 from her California attorney. At the hearing on her motion for new trial, Florenca's attorney stated Florenca tried to retain another attorney but he told her four days before trial that he would not be able to appear. Although the record supports conflicting findings, we cannot hold on this record that the trial court abused its discretion in denying Florenca's verbal motion for continuance. *Ochsner v. Ochsner*, 517 S.W.3d 717, 731 (Tex. 2016) (noting a trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision). Florenca's second issue is overruled.

### INTERPRETER

In Florenca's third issue, she asserts the trial court abused its discretion in denying her request for an interpreter.

Because the decision to appoint an interpreter is discretionary, we review the trial court's denial of Florenca's request for an abuse of discretion. *Shren-Yee Cheng v. Wang*, 315 S.W.3d 668, 672 (Tex. App.—Dallas 2010, no pet.); TEX. R. CIV. P. 183 (providing trial court "may appoint an interpreter"). In this case, the trial court repeatedly commented during the course of

trial about Florenca's ability to communicate and understand English. Accordingly, we cannot hold on this record that the trial court abused its discretion in denying Florenca's request for an interpreter. *See Shren-Yee Cheng*, 315 S.W.3d at 672 (holding trial court did not abuse its discretion in not appointing interpreter where party's difficulty at trial was not difficulty with understanding English language but in not understanding "how a trial is conducted or the technicalities of the rules of evidence"). Florenca's third issue is overruled.

## PROPERTY DIVISION

In Florenca's fourth issue, she asserts the trial court abused its discretion in ordering a division of the property without any evidence to support it. We agree.

In a decree of annulment, a trial court "shall order a division of the estate of the parties in a manner that the court deems just and right." TEX. FAM. CODE ANN. § 7.001. A trial court "has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown." *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). "Under the abuse of discretion standard, a lack of legally or factually sufficient evidence does not constitute an independent ground for asserting error; instead, it is a relevant factor in determining whether the trial court abused its discretion." *Mathis v. Mathis*, No. 01-17-00449-CV, 2018 WL 6613864, at *2 (Tex. App.—Houston [1st Dist.] Dec. 18, 2018, no pet.) (mem. op.). "When a sufficiency review overlaps the abuse-of-discretion standard, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information to exercise its discretion and (2) whether the trial court erred in its application of discretion." *Id.*; *see also Marie v. Velasquez*, No. 04-08-00271-CV, 2008 WL 5082989, at *1 (Tex. App.—San Antonio Dec. 3, 2008, pet. denied) (mem. op.). Having reviewed the record from the bench trial, we hold the record contained no evidence regarding the parties' estate. Accordingly, the trial court abused its discretion in ordering

a division of the property because it did not have sufficient information to exercise its discretion. Florenca's fourth issue is sustained.

## CONCLUSION

The portions of the trial court's decree relating to property division are reversed,[1] and the cause is remanded to the trial court for further proceedings regarding the division of property. The remainder of the trial court's decree is affirmed.

Liza A. Rodriguez, Justice

---

[1] These portions include: (1) the trial court's finding "that no community property was accumulated by the parties during the existence of the marriage other than personal effects;" (2) the trial court's order that "each party take as his or her sole and separate property all the property that is personally in his or her possession; and (3) the trial court's order that each party bear his or her own attorney's fees "[t]o effect an equitable division of the estate of the parties and as part of the division."